## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BEN CHRISTIAN, | ) |
| Plaintiff, | ) ) ) ) CIVIL ACTION FILE NO.: |
| v. | ) ) |
| THE SOUTHERN COMPANY, | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Mr. Ben Christian ("Plaintiff" or "Mr. Christian") submits the following Complaint against Defendant The Southern Company ("Defendant" or "Southern Company"):

## INTRODUCTION

1.

This is an employment case arising from Southern Company's discrimination against Mr. Christian because of his age.

2.

Mr. Christian is a long-tenured accountant and budgeting development specialist whose work on behalf of Southern Company was widely respected.

1

3.

Plaintiff asserts discrimination claims under the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et. Seq.* ("ADEA"). He seeks lost compensation and economic benefits of employment, reinstatement to his original position or front pay in lieu thereof, liquidated damages, and his reasonable attorney's fees and costs.

## **JURISDICTION AND VENUE**

4.

Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a), and 29 U.S.C. § 626(c)(1).

5.

The violations of Plaintiff's rights occurred in the Northern District of Georgia. Venue is proper under 28 U.S.C. § 1391(b) and (c), as every act of which Plaintiff complains occurred in the Atlanta Division of the United States District Court for the Northern District of Georgia.

## **PARTIES**

6.

Plaintiff, Mr. Ben Christian, is a resident of Gwinnett County in the State of Georgia, and at all relevant times he was employed by Defendant.

7.

Plaintiff is 66 years of age and at all relevant times to this Complaint was over 40 years of age.

8.

Plaintiff was at all relevant times an "employee" as defined by the ADEA, 29 U.S.C. § 630(f).

9.

Defendant Southern Company is a Delaware corporation with its principal office located at 30 Ivan Allen Jr. Blvd. NW, Atlanta, GA 30308. Southern Company is subject to the jurisdiction of this Court and may be served with process by personal service upon its registered agent, Sarah E. Cash, at 30 Ivan Allen Jr. Blvd. NW, Atlanta, GA 30308.

10.

Defendant is an "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b).

**ADMINISTRATIVE PROCEEDINGS**

11.

Plaintiff timely filed a charge of discrimination against Southern Company with the United States Equal Employment Opportunity Commission ("EEOC").

12.

Plaintiff received a Notice of Right to Sue from the EEOC within (90) days of filing this Complaint and has complied with all other conditions precedent to the assertion of his claims under the ADEA in this lawsuit.

## **FACTS**

13.

Mr. Christian joined Southern Company as a Systems Analyst on October 13, 1980. Since joining Southern Company, he has been promoted to several positions, including Lead Accountant – Information Technologies (2000-2007) and most recently as a Budget Staff Accountant/Budgeting Development specialist.

14.

Mr. Christian has consistently met or exceeded performance expectations in each position he has held with Southern Company for over 35 years.

15.

In 2010, Mr. Christian was diagnosed with prostate cancer. Mr. Christian informed Southern Company of his diagnosis and his need for treatment, which continued through 2017.

16.

In 2016, Cheryl Peters became Mr. Christian's manager.

17.

In or around fall of 2017, Mr. Christian was suffering from a number of other physical health issues. Southern Company was aware that Mr. Christian was seeking treatment to determine the cause of these issues and expressed concern that Mr. Christian may request disability leave in the imminent future.

18.

Around this time, Mr. Christian began to notice that his managers were attempting to isolate him from other, younger employees, and were treating him differently than younger employees.

19.

Younger employees were given high-profile tasks and assignments, while Mr. Christian was subjected to increasing and unfair criticism.

20.

Although Mr. Christian had made significant contributions to the department and played an integral role on major projects, he noticed that Ms. Peters was progressively limiting his involvement and transferring his responsibilities to younger and less qualified employees.

21.

Ms. Peters was overly and unfairly critical of Mr. Christian's efforts while at the same time giving preferential treatment to younger employees.

22.

For instance, a younger employee was allowed to telecommute occasionally from out of state even though the budgeting department's policy at the time prohibited working remotely and other employees were not given this same benefit.

23.

Mr. Christian also did not receive an official and documented mid-year review as required by company policy.

24.

In September 2017, one of his managers, John Hemphill, remarked to Mr. Christian that he had "lost a step," a comment Mr. Christian understood to be directed at his age.

25.

Mr. Hemphill also stated that Mr. Christian was not "performing as fast as prior years," and that he did not know if it was due to his "age or health."

26.

Ms. Peters remarked that Mr. Christian was "a very expensive employee," and that his skills in Powerpoint were "outdated."

27.

In the fall of 2017, Ms. Peters asked Mr. Christian about the state of his health. He informed her that his cardiologist reported no issues, but he was seeing specialists in connection with his headaches and neck pain.

28.

After suspecting that Mr. Christian would take long term disability leave, during a meeting on November 3, 2017, Ms. Peters gave Mr. Christian the ultimatum to either retire or be terminated and forfeit his yearly bonus of approximately $15,000.00.

29.

When he asked why she was doing this, she responded that "the company's needs and direction had changed" and that if Mr. Christian was an employee on January 1, his performance review would restart.

30.

Mr. Christian did not know prior to this meeting that he was under any review or plan for performance. He had received no notice of any needed

improvement to his performance and had received no criticisms of his work performance in the months preceding this meeting.

31.

Two weeks later, on November 17, 2017, Southern Company terminated Mr. Christian's employment and he received his last paycheck (without his bonus) on that date.

32.

Mr. Christian also did not receive his 2017 bonus when the company typically awards such bonuses (usually in or around March each year).

33.

Upon information and belief, Mr. Christian was replaced by a substantially younger, less-experienced individual.

## COUNT I

## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

34.

Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if set forth fully herein.

35.

Plaintiff is a member of the protected age group in that he is over the age of forty (40).

36.

At the time of his termination, Plaintiff was more than qualified for the position he held, Budget Staff Accountant/Budgeting Development specialist, having performed that same role with Defendant for more than ten years.

37.

Defendant discriminated against Plaintiff by subjecting Plaintiff to adverse employment actions including, but not limited to, making disparaging comments about Plaintiff's age, transferring his responsibilities to less-qualified employees, falsely criticizing his performance and claiming it was deficient, and terminating him because of his age.

38.

In September 2017, Mr, Hemphill stated that Ms. Christian "lost a step," and was not "performing as fast as prior years." Mr. Hemphill further stated that he did not know if it was due to Mr. Christian's "age or health." Ms. Peters commented that Mr. Christian was "a very expensive employee," and that his skills in Powerpoint were "outdated."

39.

Upon his termination, Plaintiff was replaced by, or his job duties were transitioned to, an employee who was outside the protected age group and not qualified for the position.

40.

In taking adverse employment actions against Plaintiff, Defendant unlawfully discriminated against Plaintiff on the basis of his age in violation of the ADEA.

41.

Defendant knowingly, intentionally and in bad faith discriminated against Plaintiff because of his age, entitling Plaintiff to liquidated damages under the ADEA.

42.

As a result of Defendant's discriminatory conduct, Plaintiff has suffered lost compensation and economic benefits of employment, emotional distress, inconvenience, humiliation, and other indignities.

43.

Pursuant to the ADEA, Plaintiff is entitled to damages including lost compensation and benefits of employment, reinstatement to his original position with Defendant, liquidated damages, his reasonable attorney's fees and costs of

litigation, and all other relief recoverable under the ADEA and statutes providing for relief under the ADEA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

    A.    That the Court take jurisdiction of this matter;

    B.    That process be served;

    C.    That the Court award lost compensation and economic benefits of employment in an amount to be determined by the trier of fact;

    D.    That the Court award liquidated damages to Plaintiff;

    E.    That the Court enter an order reinstating Plaintiff to his original position with Southern Company or front pay in lieu thereof;

    F.    That the Court award Plaintiff his costs of litigation in this action and his reasonable attorney's fees;

    G.    That the Court grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

    H.    That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 6th day of November, 2020.

**BUCKLEY BEAL, LLP**

*/s/ Thomas J. Mew*
Thomas J. Mew
GA Bar No. 503447
tmew@buckleybeal.com
Rudi Julius
GA Bar No. 605298
rjulius@buckleybeal
*Counsel for Plaintiff*

BUCKLEY BEAL LLP
600 Peachtree Street, NE, Suite 3900
Atlanta, GA 30308
Telephone: 404-781-1100
Facsimile:  404-688-2685

12