[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13563

Non-Argument Calendar

_____

BEN CHRISTIAN,

Plaintiff-Appellant,

*versus*

THE SOUTHERN COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-04563-WMR

_____

Before WILLIAM PRYOR, Chief Judge, LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Ben Christian appeals the dismissal of his complaint that The Southern Company terminated him based on his age, in violation of the Age Discrimination in Employment Act. 29 U.S.C. §§ 621–34. Southern Company moved to dismiss on the ground that Christian failed to exhaust his administrative remedies when he did not timely file his charge of discrimination with the Equal Employment Opportunity Commission. The district court granted the motion to dismiss based on evidence that Southern Company attached to its motion. Because the district court treated the motion to dismiss as a motion for summary judgment without giving Christian notice and an opportunity to respond, we vacate the order of dismissal and remand for further proceedings.

Christian's complaint alleged the following facts, which we accept as true. *See Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1251 (11th Cir. 2021). Southern Company hired Christian in 1980 and eventually promoted him to budget staff accountant/budgeting development specialist. In 2016, when Christian was over age 60, Cheryl Peters became his supervisor. Within one year, Christian noticed that Peters and managers were assigning high-profile tasks and assignments to younger employees, transferring his responsibilities to younger and less qualified employees, and isolating him from younger

21-13563                Opinion of the Court                3

employees. Peters told Christian that he was "a very expensive em-
ployee" and that "his skills in Powerpoint were outdated." And a
manager, John Hemphill, told Christian that he had "lost a step"
and he was not "performing as fast as prior years." Hemphill re-
marked he did not know whether Christian's slowed pace was due
to his "age or health" because he had prostate cancer.

Christian alleged that, on November 3, 2017, Peters gave
him an "ultimatum to either retire or be terminated and forfeit his
yearly bonus of approximately $15,000.00." When Christian re-
quested an explanation, Peters stated that "the company's needs
and direction had changed" and that, if Christian was "an employee
on January 1, [2018,] his performance review would restart." Chris-
tian was unaware he had a "review or plan for performance" be-
cause "[h]e had received no notice of any needed improvement to
his performance and had received no criticisms of his work perfor-
mance in the months preceding th[e] meeting." On November 17,
2017, Christian received his last paycheck. He never received his
bonus.

Southern Company moved to dismiss Christian's complaint.
*See* Fed. R. Civ. P. 12(b). It argued that Christian failed to exhaust
his administrative remedies by not filing his charge of discrimina-
tion within 180 days of his adverse employment action. *See* 42
U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A). The company con-
tended that its alleged adverse employment action occurred during
Peters's conversation with Christian on November 3, 2017, and the

4                    Opinion of the Court                21-13563

180-day deadline expired before he filed a charge of discrimination on May 8, 2018.

Southern Company attached to its motion an email exchange between Christian and its human resources officer on November 8, 2017. Christian requested that the officer "email [him] the items discussed in our meeting on November 3, 2017 concerning my departure f[ro]m Southern Company" with the explanation that he "received a voice mail from Cheryl Peters in which she stated that there was additional information for me to consider in my options going forward." The officer responded, "We discussed that your employment was being terminated, with your last day in the office being Friday, November 3rd, and last day of pay being Nov. 17. We gave you the option to notify us in writing, if you chose to retire in lieu of termination" by "Wednesday, November 8 (today) . . . ."

A magistrate judge recommended that the district court deny the company's motion to dismiss. The magistrate judge determined that Christian timely filed his charge of discrimination 180 days after he received unequivocal notice of his termination on November 17, 2017. The magistrate judge found that the conversation on November 3, 2017, amounted to equivocal notice due to Peters's remark about Christian being an employee on January 1. The magistrate judge expressed "doubts as to whether th[e] isolated email exchange [on November 8] is properly considered in deciding a motion to dismiss, as opposed to a motion for summary judgment." "In any event, [the magistrate judge decided that the

21-13563                Opinion of the Court                5

emails] . . . would not change" the outcome because "[b]oth [Christian]'s complaint and Charge indicate that he had been told there was the possibility he would still be employed . . . on January 1, 2018, and that his performance review would restart at that time" and "[t]he email does not mention, and so does not address, this fact."

The district court dismissed Christian's complaint. The district court, "assum[ed], without deciding, that [Peters] in fact made the comment about possibly receiving a performance review in January of the following year[, which] demonstrat[ed] that [Christian's] termination was not yet final" on November 3, 2017. "But, [the district court found that] . . . any uncertainty about [Christian]'s employment status was resolved by [the company]'s email on November 8, 2017; notice of his termination was made unequivocal at that point." And "[b]ecause [Christian]'s Charge was not filed until May 8, 2018, [he] filed the EEOC Charge 1 day too late."

We review *de novo* the dismissal of Christian's complaint. *See Coral Ridge*, 6 F.4th at 1251.

The district court erred by relying on the extrinsic evidence that Southern Company attached to its motion to dismiss. The district court interpreted the email exchange on November 8, 2017, as providing unequivocal notice of Christian's termination. *See Chardon v. Fernandez*, 454 U.S. 6, 8 (1981). But Christian did not mention the email exchange in his complaint. *Cf. SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). When the district court relied on the email exchange, a "matter[]

6                       Opinion of the Court                    21-13563

outside the pleadings . . . , the motion [Southern Company filed
had to] be treated as one for summary judgment under [Federal]
Rule [of Civil Procedure] 56." Fed. R. Civ. P. 12(d); *see Morrison v.
Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). In that circum-
stance, the district court must give the parties "notice and a reason-
able time to respond." Fed. R. Civ. P. 56(f); *see id.* R. 12(d). The
district court ignored Christian's request that the district court, if it
considered the email exchange, allow him to brief the issue of time-
liness. The district court failed to comply with Rules 56 and 12. *See
Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1532
(11th Cir. 1990).

We **VACATE** the order dismissing Christian's complaint
and **REMAND** for further proceedings.

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 03, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  21-13563-DD
Case Style:  Ben Christian v. The Southern Company
District Court Docket No:  1:20-cv-04563-WMR

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system,
unless exempted for good cause. Although not required, non-incarcerated pro se parties are
permitted to use the ECF system by registering for an account at www.pacer.gov. Information
and training materials related to electronic filing are available on the Court's website. Enclosed
is a copy of the court's decision filed today in this appeal. Judgment has this day been entered
pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP
41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for
filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise
provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is
timely only if received in the clerk's office within the time specified in the rules. Costs are
governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for
attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested
Persons a complete list of all persons and entities listed on all certificates previously filed by
any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be
reheard must be included in any petition for rehearing or petition for rehearing en banc. See
11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming
compensation for time spent on the appeal no later than 60 days after either issuance of mandate
or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via
the eVoucher system. Please contact the CJA Team at (404) 335-6167 or
cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher
system.

Pursuant to Fed.R.App.P. 39, <u>costs taxed against appellee</u>.

Please use the most recent version of the Bill of Costs form available on the court's website at <u>www.ca11.uscourts.gov.</u>

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call <u>Bradly Wallace Holland, DD</u> at <u>404-335-6181</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs